VALERIE NITTI,

                Plaintiff,                          3:14-CV-0954
                                                               (GTS/DEP)

v.

COUNTY OF TIOGA; GAIL BARTON,
Deputy Comm'r of the Tioga Cty. Dep't
of Soc. Servs.; REBECCA FETHERBAY,
Senior Welfare Examiner for the Tioga
Cty. Dep't. of Soc. Servs.; JULIE WHIPPLE,
Senior Welfare Examiner for the Tioga Cty.
Dep't of Soc. Servs.; and SHAWN
YETTER, Comm'r of the Tioga Cty. Dep't
of Soc. Servs.,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

OFFICE OF RONALD R. BENJAMIN            RONALD R. BENJAMIN, ESQ.
  Counsel for Plaintiff
P.O. Box 607
126 Riverside Drive
Binghamton, New York 13902

OFFICE OF FRANK W. MILLER                CHARLES C. SPAGNOLI, ESQ.
  Counsel for Respondents/Defendants        FRANK W. MILLER, ESQ.
6575 Kirkville Road
East Syracuse, New York 13057

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights employment action filed by Valerie Nitti

("Plaintiff") against the County of Tioga and four employees of the Tioga County Department of

Social Services ("Defendants"), are three motions: (1) Defendants' motion to dismiss the action

for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (Dkt. No. 3); (2) Plaintiff's cross-motion to remand to state court those of her claims asserted pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") Article 78, or, in the alternative, for partial summary judgment on those claims (Dkt. No. 9); and (3) Defendants' motion to strike Plaintiff's cross-motion and their supplementation of their motion to dismiss the action (Dkt. No. 11). For the reasons that follow, Defendants' motion to dismiss Plaintiff's Complaint is granted with regard to the fifth through ninth claims of Plaintiff's Complaint, and otherwise denied; Defendants' motion to strike Plaintiff's cross-motion is denied; and Plaintiff's cross-motion to remand the first four claims of her Complaint is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Plaintiff commenced this action in New York State Supreme Court, Tioga County, on July 2, 2014, by filing a Summons, Notice of Petition, and pleading styled "Verified Complaint/Article 78 Petition" ("Complaint"), asserting various causes of action related to the termination of her employment with the Tioga County Department of Social Services ("DSS"). (Dkt. No. 1, Attach. 2 [Notice of Petition]; Dkt. No. 1, Attach. 1 [Summons and Complaint].) Subsequently, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 because the Complaint contained causes of action arising under 42 U.S.C. § 1983 and the United States Constitution. (Dkt. No. 1.)

Generally, Plaintiff's Complaint alleges as follows. Plaintiff was improperly terminated from her employment as DSS's Director of Employment and Transitional Supports, following charges that she completed and submitted a fraudulent Medicaid application on behalf of a friend

and lied to other DSS employees about her actions.  (*See generally* Dkt. No. 1, Attach. 1, at ¶¶ 9-10, 23-49 [Plf.'s Compl.)  Plaintiff was the target of an "unlawful conspiracy" between Defendants Rebecca Fetherbay ("Fetherbay") and Julie Whipple ("Whipple") to have Plaintiff fired.  (*Id.* at ¶¶ 22-23.)  These actions were motivated by the imminent elimination of at least one of the positions held by Fetherbay or Whipple, so that the position held by Plaintiff would become available.  (*Id.* at ¶¶ 21-22.)

A disciplinary hearing pursuant to New York Civil Service Law § 75 was held.  After evidence was taken and the hearing was closed, the appointed Impartial Hearing Officer, Jon S. Blechman ("Blechman"), recommended sustaining the majority of the charges and terminating Plaintiff's employment.  (*Id.* at ¶¶ 27-36.)  Thereafter, Plaintiff, through counsel, sought to submit additional evidence concerning the propriety of the Medicaid application and Blechman's alleged lack of impartiality.  (*Id.* at ¶¶ 36-41.)  Those efforts included demands for documents and information directed at Blechman himself.  (*Id.* at ¶¶ 45-46.)  Ultimately, Defendants opposed the introduction of any further evidence or the demands for information from Blechman, and no further evidence was adduced.  (*Id.* at ¶¶ 40-47.)  Defendant Gail Barton, acting as the appointed authority over the matter, found Plaintiff guilty of lying about her role in submitting her friend's Medicaid application and terminated her employment.  (*Id.* at ¶¶ 48-49.)

Based upon these factual allegations, Plaintiff's Complaint asserts the following nine claims against the indicated Defendants: (1) a claim that Plaintiff is entitled to vacatur, as provided for in Article 78, of Blechman's recommendation and DSS's determination affirming and adopting Blechman's recommendation, due to a violation of her right to adequate notice and an opportunity to be heard under the Due Process Clauses of the state and federal constitutions

3

and New York State Civil Service Law § 75 (against the County of Tioga ["County"] and Barton); (2) a claim that the County's opposition to her request to submit evidence, after the close of the hearing, regarding the Medicaid application was arbitrary and capricious and an abuse of discretion under Article 78 (against the County and Barton); (3) a claim that Defendants abused their discretion and acted arbitrarily and capriciously under Article 78 in naming Barton the appointing authority because Barton was biased against Plaintiff (against the County and Barton); (4) a claim that Defendants violated lawful procedure and acted arbitrarily and capriciously under Article 78 and New York Civil Service Law § 75 based on their opposition to Plaintiff's request to present evidence of Blechman's lack of impartiality, as well as her demand that Blechman produce information on his previous appointments and decisions as an Impartial Hearing Officer (against the County and Barton); (5) a claim that Defendants violated her right to substantive due process under the Fifth and Fourteenth Amendments of the U.S. Constitution through a conspiracy to have her terminated (against Fetherbay and Whipple); (6) a claim that Defendants violated her right to substantive due process under the New York State Constitution based on the same allegations as in the fifth claim (against Fetherbay and Whipple); (7) a claim that Defendants violated her right to procedural due process under the Fifth and Fourteenth Amendments of the U.S. Constitution because she was found guilty of uncharged conduct and thus deprived of notice and an opportunity to be heard under New York Civil Service Law § 75 (against the County and Barton); (8) a claim that Defendants violated her right to procedural due process under the Fifth and Fourteenth Amendments of the U.S. Constitution because Defendants refused to permit her to submit evidence regarding her friend's Medicaid application and eligibility (against the County and Barton); and (9) a claim that Defendants were negligent under

4

New York law because they failed to carry out a reasonable investigation regarding submission of the Medicaid application (against the County and Yetter). (*Id.* at ¶¶ 50-86).

Familiarity with these claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for the review of the parties.

    **B.**    **Parties' Briefing on Defendants' Motion to Dismiss, Plaintiff's Cross-Motion, and Defendants' Motion to Strike**

          **1.**    **Defendants' Memorandum of Law in Support of Their Motion to Dismiss**

Generally, in support of their motion to dismiss the Complaint, Defendants assert seven arguments. (*See generally* Dkt. No. 3, Attach. 7, at 9-21 [Defs.' Memo. of Law].)

First, Defendants argue that Plaintiff's claims alleging violations of substantive and procedural due process under the U.S. Constitution and New York State Constitution must be dismissed because she received notice and an opportunity to be heard, inasmuch as the procedures set forth in New York Civil Service Law § 75 were properly followed. (*Id.* at 7-8.) Moreover, to the extent Plaintiff asserts claims for a violation of her right to substantive due process, Defendants further argue that those claims must be dismissed because governmental employment is not a fundamental liberty protected against "infringing legislation." (*Id.* at 9.) With regard to Plaintiff's claims concerning Blechman's impartiality, Defendants argue that Plaintiff also waived those claims by failing to raise them before the hearing commenced, and has offered no explanation as to why any alleged evidence of that fact could not have been discovered before the hearing. (*Id.*)

Second, Defendants argue that Plaintiff's Article 78 claim that she did not receive adequate notice is facially meritless because she was afforded the process set forth in New York

5

Civil Rights Law § 75. (*Id.* at 10-16.) In the alternative, Defendants argue, to the extent Plaintiff may be understood to allege that she was found guilty of uncharged conduct, the following is true: (a) the charges were sufficiently specific; (b) Plaintiff herself addressed the factual circumstances of the alleged fraud at the hearing; (c) in any event, Plaintiff was not found guilty of uncharged conduct; and (d) each of the charges and specifications was supported by substantial evidence. (*Id.* at 10-11, 13.)

Third, Defendants argue that Plaintiff's second claim must be dismissed because Civil Service Law § 75 does not permit the submission of evidence directly to the appointing authority rather than the hearing officer, and the County's opposition to reopening the hearing was not arbitrary or capricious. (*Id.* at 14-15.)

Fourth, Defendants argue that Plaintiff's third claim must be dismissed because Plaintiff's allegations do not "demonstrate" that Barton was incapable of acting impartially or that any of the Defendants had any notice of any alleged circumstances suggesting Barton could not act impartially as the decision maker. (*Id.* at 15.)

Fifth, Defendants argue that Plaintiff's fourth claim must be dismissed because New York Civil Service Law § 75 does not provide for obtaining discovery from the hearing officer, and the County's opposition to Plaintiff's demand was therefore not arbitrary or capricious. (*Id.* at 16.)

Sixth, Defendants argue that Plaintiff's negligence claim must be dismissed because it essentially constitutes a wrongful termination claim, which is not cognizable in New York. (*Id.* at 17-18.)

Seventh, and finally, Defendants argue that Plaintiff's claims as alleged against the individual Defendants must be dismissed because those Defendants are entitled to qualified immunity. (*Id.* at 18-19.)

## 2. Plaintiff's Memorandum of Law in Partial Opposition to Defendants' Motion and in Support of Her Own Cross-Motion

Preliminarily, in response to Defendants' motion to dismiss, Plaintiff acknowledges that her seventh and eighth claims, asserting due process violations, "do not state a claim with respect to [42 U.S.C. §] 1983 relief." (Dkt. No. 9, Attach. 2, at 12 [Plf.'s Opp'n Memo. of Law] [citing *Locurto v. Safir*, 264 F.3d 154, 174-75 (2d Cir. 2001)].) Plaintiff therefore does not oppose the dismissal of those claims. (*Id.*) Additionally, Plaintiff does not oppose dismissal of the fifth and six claims under § 1983 and the New York State Constitution, asserted against Fetherbay and Whipple. (*Id.* at 14.) Moreover, Plaintiff concedes that her ninth claim, sounding in negligence under state law, does not state a claim upon which relief can be granted. (*Id.* at 3.) Thus, Plaintiff does not oppose Defendants' motion to dismiss with regard to her fifth, six, seventh, eighth, and ninth claims. (*Id.* at 14, 24-25.)

However, Plaintiff asserts three arguments in opposition to Defendants' motion to dismiss her first through fourth claims, each seeking relief pursuant to Article 78. (*See generally id.* at 12-24.) First, Plaintiff argues that she was entitled to a neutral hearing officer and that her claim that Blechman was not impartial is redressable in a proceeding pursuant to Article 78. (*Id.* at 13-14.)

Second, Plaintiff argues that, under state case law, she did not waive any claims because "she was under no obligation to present evidence to refute or rebut uncharged misconduct[.]" (*Id.* at 17.)

Third, Plaintiff argues that the Complaint, considered in light of the documents attached thereto, as well as those attached to Defendants' motion to dismiss, stated claims warranting

annulment of the determination. (*Id.* at 16-18.) More particularly, Plaintiff argues that she has alleged facts plausibly suggesting that Blechman found her guilty of falsifying financial information on the Medicaid application she submitted, even though she was not charged with doing so. (*Id.* at 16-20.)

In support of her cross-motion, Plaintiff argues essentially that, because only claims brought pursuant to Article 78 remain, this Court should decline to exercise supplemental jurisdiction in the first instance and remand the case to state court. (*Id.* at 15.) By citation to other cases in which federal district courts have considered the issue, Plaintiff appears to argue that her claims should be resolved by a state court because an Article 78 proceeding is a creature of state statutory law and judicial economy would be best served by remand of those claims. (*Id.* at 14-15.)

Finally, Plaintiff argues that, if the Court denies her cross-motion to remand, the Court should grant her partial summary judgment on her claim that Blechman found her guilty of misconduct with which she was never charged, specifically, submitting a fraudulent Medicaid application reflecting false income information. (*Id.* at 19-24.)

### 3. Defendants' Supplementation to Their Motion to Dismiss and Motion to Strike Plaintiff's Cross-Motion

In a letter brief filed after Plaintiff filed her partial opposition to Defendants' motion to dismiss the Complaint, Defendants request to supplement their motion to dismiss on a basis that arose only the previous week. (Dkt. No. 11 at 2-4 [Defs.' Ltr. Br.].) Specifically, Defendants advance two arguments with regard to Plaintiffs' negligence claim: (1) Plaintiff violated New York General Business Law § 50-h because she commenced this action before submitting to a

8

deposition demanded by Defendants; and (2) Plaintiff violated New York General Municipal Law § 50-i(1)(b) because she failed to allege in her Complaint "that thirty days had passed since service of a notice of claim without adjustment of the claim." (*Id.* at 2-5.)

Additionally, in the same papers, Defendants move to strike Plaintiffs' cross-motion on three grounds: (1) Plaintiff's cross-motion is improper under Rule 7.1(c) of the Local Rules of Practice of this Court because the relief she requests–remand or, in the alternative, partial summary judgment–is not "a competing request for relief or order similar to" dismissal of the Complaint, as sought by Defendants; (2) Plaintiff failed to submit an affidavit in support of her cross-motion, as required by Local Rule 7.1(a)(2); and (3) to the extent it seeks partial summary judgment, Plaintiff's cross-motion was not filed at least thirty-one days before the return date stated in Defendants' motion to dismiss, as required by Local Rule 7.1(b)(1). (*See generally id.* at 1-2.)

### 4. Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss and in Opposition to Plaintiff's Cross-Motion

Generally, in their reply memorandum of law, Defendants assert four arguments in further support of their motion to dismiss the Complaint and in opposition to Plaintiff's cross-motion for partial summary judgment. (S*ee generally* Dkt. No. 14 at 4-21 [Defs.' Reply Memo. of Law].)

First, Defendants argue that, in light of her concessions, Plaintiff's fifth through ninth claims should be dismissed. (*Id.* at 2.)

Second, Defendants argue that the due process portion of Plaintiff's first claim, like her seventh and eighth claims, does not provide a basis for relief for Blechman's alleged lack of impartiality. (*Id.* at 5.) Moreover, in relation to the issues that may be raised in an Article 78

proceeding, Defendants further argue as follows: (a) the Impartial Hearing Officer's findings were each supported by substantial evidence as required by C.P.L.R. § 7803; (b) Plaintiff's allegation that Blechman found in favor of the party that appointed him in an "uncertain number of past decisions" is insufficient to state a claim that he was not impartial; (c) the penalty of termination did not shock the conscience; and (d) the charges and specifications provided adequate notice and, regardless, Plaintiff was not found guilty of uncharged conduct. (*Id.* at 6-17.)

Third, Defendants argue that they properly withdrew their consent to Plaintiff's demand to reopen the hearing for Plaintiff's presentation of evidence regarding her friend's Medicaid eligibility. (*Id.* at 18-20.) Defendants further argue that their position was not arbitrary or capricious because Plaintiff rejected "the County's request for reciprocal benefits from the reopener," would not waive any jurisdictional objections, and attempted to present undisclosed evidence on another issue, i.e., Blechman's alleged partiality. (*Id.* at 18-20.)

Fourth, Defendants argue that Plaintiff's third and fourth claims must be dismissed because Plaintiff did not address those claims in her opposition to Defendants' motion. (*Id.* at 20.)

In addition to the arguments advanced in further support of their motion to dismiss the Complaint, Defendants argue that Plaintiff's cross-motion for partial summary judgment should be denied to permit them to obtain necessary discovery. (*Id.* at 21.)

With regard to Plaintiff's cross-motion to remand her Article 78 claims to state court, Defendants argue that remand is not required because Plaintiff's first claim "expressly claims violations of the Fifth and Fourteenth Amendments via 42 U.S.C. § 1983." (*Id.* at 2.)

## II. GOVERNING LEGAL STANDARD

Under certain circumstances, a federal district court may decline to exercise supplemental jurisdiction over a claim over which it lacks original jurisdiction. 28 U.S.C. § 1367(c). As is relevant here, where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); *Hurley v. Cty. of Yates*, 04-CV-6561, 2005 WL 2133603, at *3 (W.D.N.Y. Aug. 31, 2005), *accord, Middleton v. Falk*, 06-CV-1461 (GTS/DRH), 2009 WL 666397, at *9 (N.D.N.Y. Mar. 10, 2009) (Suddaby, J., adopting Report-Recommendation by Homer, J.). The decision is a discretionary one, and its justification "lies in considerations of judicial economy, convenience and fairness to litigants[.]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' in deciding whether to exercise jurisdiction.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 [1988]); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) ("[W]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values [of] economy, convenience, fairness, and comity.")

Additionally, a district court may decline to exercise supplemental jurisdiction if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). "[D]eclining jurisdiction outside the ambit of [§] 1367(c)(1)-(3) appears as the exception rather than the rule." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998); *accord, Kleiman v. O'Neill*, 03-CV-3829, 2008 WL 5582453 (E.D.N.Y. Dec. 30, 2008). As with all of the 28 U.S.C. § 1367(c) grounds for declining to exercise supplemental jurisdiction, courts relying upon § 1367(c)(4) must also weigh the values of economy, convenience, fairness, and comity. *See Jones*, 358 F.3d at 214.

### III. ANALYSIS

#### A. Whether Plaintiff's Cross-Motion Should Be Struck

After carefully considering the matter, the Court answers this question in the negative and denies Defendants' motion to strike Plaintiff's cross-motion.

Generally, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted); *accord, Young v. CSX Transp., Inc.*, 42 F. Supp.3d 388, 389 n.1 (N.D.N.Y. 2014) (Hurd, J.); *Farrow v. City of Syracuse*, 12-CV-1401, 2014 WL 1311903, at *3 (N.D.N.Y. Mar. 31, 2014) (Kahn, J.). However, the Court is not certain that there has been such a violation in these circumstances. As Defendants point out, for purposes of delineating when a cross-motion may be filed, Local Rule 7.1(c) defines "cross-motion" as "a competing request for relief or order similar to that requested by another party against the cross-moving party[.]" While Defendants' arguments are well taken, it is unclear that a motion to remand and/or for summary judgment does not "compete with" the relief requested in Defendants'

12

motion, which is the crux of the requirement set forth, however inarticulately, in Local Rule 7.1(c). *Cf. Funches v. Fischer*, 11-CV-0869, 2014 WL 1312048, at *6-7 (N.D.N.Y. Mar. 31, 2014) (Suddaby, J.) (concluding that plaintiff's motions for summary judgment and to amend his complaint "fell into t[he] category" of a cross-motion under Local Rule 7.1[c] when made following defendants' motion, "which sought dismissal of [p]laintiff's claims with prejudice based on a failure to state a claim") (footnote omitted); *cf. also Musaji v. Banco do Brasil*, 10-CV-8541, 2011 WL 2507712, at *3-4 (S.D.N.Y. June 21, 2012) (granting defendants' "motion to dismiss or alternatively, for partial summary judgment" and denying plaintiff's "cross-motion to remand to state court"); *Natoli v. First Reliance Standard Life Ins. Co.*, 00-CV-5914, 2001 WL 15673, at *1-2 (S.D.N.Y. Jan. 5, 2001) (denying defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12[b][6] and granting plaintiff's "cross-motion for remand"). Simply stated, the relief sought by Plaintiff is incompatible with Defendants' motion to dismiss the Complaint with prejudice.

For these reasons, the Court concludes that, under the circumstances presented, Plaintiff's cross-motion constitutes "a competing request for relief or order similar to that requested by" Defendants under Local Rule 7.1(c). Consequently, Local Rule 7.1(b)(1) does not apply, and Defendants' argument regarding that rule's requirement that a dispositive motion be filed and served at least thirty-one days prior to the return date is unpersuasive. Finally, while Defendants correctly point out that Plaintiff did not file an affidavit in support of her cross-motion as required by Local Rule 7.1(a)(2), that fact presents an alternative ground for denying Plaintiff's cross-motion, not striking it.

**B. Whether Plaintiff's Fifth Through Ninth Claims Should Be Dismissed**

After careful consideration of this matter, because the parties agree that Plaintiff's fifth through ninth claims do not provide Plaintiff a basis for relief, the Court answers this question in the affirmative. In this District, where a properly filed motion is unopposed, the movant's burden with regard to that argument is lightened, such that, in order to succeed, the movant need only show that its motion possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3). The Court finds that Defendants have met that burden. As a result, Plaintiff's fifth through ninth claims are dismissed with prejudice.[1]

**C. Whether Plaintiff's Remaining Claims Should Be Remanded to State Court**

The thrust of Plaintiff's argument is that, because she agrees that her fifth through ninth claims (all of which, except the ninth, seek relief under federal law) should be dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining claims, brought pursuant to Article 78. (Dkt. No. 9, Attach. 2, at 14-15 [Plf's. Opp'n Memo. of Law].) *See* 28 U.S.C. § 1367(c)(3). After carefully considering the matter, and for the reasons articulated in the case law cited in Plaintiff's memorandum of law, the Court answers this question in the affirmative. To that analysis, the Court adds the following three points.

First, Defendants cite no authority in support of their argument that, because Plaintiff's first cause of action seeking vacatur of the determination terminating her employment pursuant to

---

[1] The Court notes that Defendants' request to supplement their motion to dismiss with respect to Plaintiff's state law negligence claim, unopposed by Plaintiff, is granted for the reasons stated in Defendants' letter brief. (Dkt. No. 11 at 2-5.) Defendants have shown good cause for supplementation as required by Local Rule 7.1(b)(3), and their reply, combined with the supplementation, will not exceed twenty-five pages in length. (Dkt. No. 14 [Defs.' Reply Memo. of Law].) *See also* N.D.N.Y. L.R. 7.1[a][1].)

Article 78 makes reference to the Fifth and/or Fourteenth Amendments, a federal claim remains in this action prohibiting remand pursuant to 28 U.S.C. §§ 1367 and 1447(c). (Dkt. No. 14 at 2-3 [Defs.' Reply Memo. of Law].)² Plaintiff, however, cites case law for the proposition that New York federal district courts routinely decline to exercise supplemental jurisdiction over "Article 78 claims" in general. (Dkt. No. 9, Attach. 2, at 14-15 [Plf.'s Opp'n Memo. of Law] [citing *Camhi v. Glen Cove City Sch. Dist.*, 920 F. Supp.2d 306 (E.D.N.Y. 2013)].) At least one case on this issue involved an Article 78 claim turning on federal constitutional issues. *Routh v. Univ. of Rochester*, 981 F. Supp.2d 184, 200, 210 (W.D.N.Y. 2013) (declining to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367[c][4], over plaintiff's "Article 78 claim" asserted "on the basis that [defendant] violated his federal constitutional rights under the First Amendment . . . and the Fourteenth Amendment's Due Process and Equal Protection Clauses").³

Second, even if the Court were not persuaded by Plaintiff's cases, it would reject Defendants' argument through a different line of reasoning. Plaintiff's first claim seeks relief

---

² Defendants do not argue that Plaintiff's second, third, or fourth claims contain any federal claims. Rather, Defendants' opposition to remand to state court is premised solely on Plaintiff's reference in the first claim to the Fifth and Fourteenth Amendments. (Dkt. No. 14 at 2-3 [Defs.' Reply Memo. of Law].) Additionally, the Court notes that Defendants have not argued that they would be prejudiced if the case was remanded to state court, the forum of Plaintiff's choice when the action was commenced. *See, e.g., Sensis Corp. v. C Speed, LLC*, 07-CV-0543, 2008 WL 5423276, at *3 (N.D.N.Y. Dec. 30, 2008) (Scullin, J.).

³ While C.P.L.R. 7804(b) provides that an Article 78 proceeding "shall be brought in the [state] supreme court in the county specified in" C.P.L.R. 506(b), the Second Circuit has not yet decided "whether Article 78 can, on its own, deprive a federal court of [subject matter] jurisdiction over claims brought under that provision[.]" *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013). The Court declines to reach that issue here, because, "[i]f such a directive could deprive federal courts of jurisdiction, state legislatures, not Congress, would control the power of the federal judiciary." *Casale v. Met. Transp. Auth.*, 05-CV-4232, 2005 WL 3466405, at *6 (S.D.N.Y. Dec. 19, 2005).

under Article 78 based not simply on a violation of the Due Process Clause of the United States Constitution but *alternatively* on a violation of the Due Process Clause of the New York State Constitution as well as a violation of Section 75 of the New York Civil Service Law. (Dkt. No. 1, Attach. 1, at ¶ 51 [Plf.'s Compl.].) Given the possibility that Plaintiff could obtain relief on her first claim through a resolution of the New York State Constitution or the New York Civil Service Law, the Court cannot conclude that Plaintiff's right to relief on her first claim *requires* resolution of a substantial question of federal law.[4]

Third, while dismissal of Plaintiff's federal claims provides a basis for declining to exercise supplemental jurisdiction over Plaintiff's four remaining claims under 28 U.S.C. § 1367(c)(3), 28 U.S.C. § 1367(c)(4) provides an additional basis. Courts have found that "compelling reasons" to decline to exercise supplemental jurisdiction exist in "the very nature of an Article 78 proceeding[.]" *Morningside Supermarket Corp.*, 432 F. Supp.2d at 346; *see, e.g., East End Eruv Ass'n, Inc. v. Town of Southampton*, 13-CV-4810, 2014 WL 4826226, at *18 (E.D.N.Y. Sept. 24, 2014) (concluding that "the very nature of an Article 78 proceeding" constitutes compelling reasons for declining supplemental jurisdiction under 28 U.S.C.

---

[4] *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997) ("As we have explained, however, [e]ven though state law creates [a party's] causes of action, its case might still arise under the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law. . . . ICS' federal constitutional claims, which turn exclusively on federal law, unquestionably fit within this rule.") (internal quotation marks omitted); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983) ("[A case arises under federal law when] federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotation marks omitted); *cf. Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936) (explaining that a federal question exists when "when a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action") (internal quotation marks omitted).

1367[c][4]) (internal quotation marks omitted); *Routh*, 981 F. Supp.2d at 200, 210 (declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367[c][4]); *Coastal Commc'ns Serv., Inc. v. City of New York*, 658 F. Supp.2d 425, 460 (E.D.N.Y. 2009) ("Case law has catalogued a myriad of good reasons [to deny supplemental jurisdiction to Article 78 claims], especially when, as here, the claims are brought to obtain judicial review of the actions of a state or local administrative agency. Comity suggests such review be afforded by the state apparatus by which the agency is created and authorized to act."); *Kent v. New York*, 11-CV-1533, 2012 WL 6024998, at *11 (N.D.N.Y. Dec. 4, 2012) (D'Agostino, J.) (declining to exercise supplemental jurisdiction over plaintiffs' Article 78 claim seeking to "have t[he c]ourt 'annul' defendants' actions," following "the 'essentially unanimous position'" of New York district courts).

Indeed, the Second Circuit has "recognize[d] that Article 78 reflects a state preference for a state mode of procedure that 'is designed to facilitate a summary disposition of the issues presented . . . and has been described as a fast and cheap way to implement a right that is plenary as an action, culminating in a judgment, but is brought on with the ease . . . of a mere motion.'" *Carver*, 730 F.3d at 155 (quoting *Davidson v. Capuano*, 792 F.2d 275, 280 [2d Cir. 1986]). "[F]ederal courts typically should not exercise supplemental jurisdiction over an Article 78 claim." *Delano v. City of Buffalo*, 45 F. Supp.3d 297, 309 (W.D.N.Y. 2014) (citing *Carver*, 730 F.3d at 155 ["Whether or not Article 78 can itself deprive the district court of jurisdiction over claims brought under its provisions, the state preference to try Article 78 claims in state court . . . strongly support[s] declining that jurisdiction."]); *see also DeJesus v. City of New York*, 10-CV-9400, 2012 WL 569176, at *4 (S.D.N.Y. Feb. 21, 2012) ("Article 78 is . . . a procedure best suited for state courts."); *Bd. of Managers of Soho Int'l Arts Condo. v. City of N.Y.*, 01-CV-1226,

2004 WL 1982520, at *28 (S.D.N.Y. Sep. 8, 2004) ("Article 78 . . . is a 'novel and special creation of state law' and provides 'a purely state procedural remedy.'") (quoting *Birmingham v. Ogden*, 70 F. Supp.2d 353, 372 [S.D.N.Y. 1999]).

For each of the foregoing reasons, the Court concludes that judicial economy, convenience, fairness, and comity would be best served by resolution of Plaintiff's Article 78 claims in state court. *Kolari*, 455 F.3d at 122. The Court declines to exercise supplemental jurisdiction over the first four claims in Plaintiff's Complaint, and those claims are therefore remanded to state court for further proceedings.

### D. Disposition of Defendants' Motion to Dismiss and Plaintiff's Motion for Partial Summary Judgment

Because, as a threshold matter, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, Defendants' motion to dismiss the Complaint with regard to those claims is denied as moot. With regard to Plaintiff's cross-motion for partial summary judgment, the Court makes two additional points. First, as Defendants correctly noted, Plaintiff's cross-motion was not supported by an affidavit as required by Local Rule 7.1(a)(2). Second, the Court agrees with Defendants' argument that a motion for summary judgment appears to be premature at this stage of the litigation. (Dkt. No. 14 at 21-22 [Defs.' Reply Memo. of Law].) Although records and documents related to the administrative proceeding have been attached to the parties' pleadings and motions, the parties have not yet engaged in discovery. Other evidence may exist that is material and relevant to the adjudication of Plaintiff's claims, such as evidence and information that she alleges she was improperly precluded from presenting in her defense.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to strike (Dkt. No. 11) Plaintiff's cross-motion is **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss the fifth through ninth claims of Plaintiff's Complaint (Dkt. No. 3) is **GRANTED**, but otherwise Defendants' motion to dismiss is **DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion to remand the first through fourth claims of her Complaint to New York State Supreme Court, Tioga County is **GRANTED** as set forth in part III of this Decision and Order; and it is further

**ORDERED** that the first through fourth claims of Plaintiff's Complaint are **REMANDED** to New York State Supreme Court, Tioga County; and it is further

**ORDERED** that the Clerk of the Court close this case.

Dated: September 28, 2015
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge